**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| THE OHIO STATE UNIVERSITY, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:17-cv-01092 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| REDBUBBLE, INC., | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendant. | : | |

**REDBUBBLE, INC.'S ANSWER TO COMPLAINT**

Defendant Redbubble Inc. ("Redbubble" or "Defendant") hereby answers the Complaint of Plaintiff The Ohio State University ("OSU" or "Plaintiff"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

**RESPONSE TO SPECIFIC ALLEGATIONS**

1. Answering the allegations of Paragraph 1 of the Complaint, Redbubble admits that this purports to be an action for trademark infringement, unfair competition, passing off, and counterfeiting under the Lanham Act of OSU's trademarks, and for violation of the rights of publicity of head football coach Urban F. Meyer. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 1.

2. Answering the allegations of Paragraph 2 of the Complaint, Redbubble admits that OSU is a public institution of higher education, with its main campus located in Columbus, Ohio, and regional campuses across Ohio. Except as thus expressly admitted, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 2, and on that basis denies those allegations.

1

3. Answering the allegations of Paragraph 3 of the Complaint, Redbubble admits that it is a Delaware corporation with its headquarters in San Francisco, California. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 3.

4. Answering the allegations of Paragraph 4 of the Complaint, Redbubble admits that this court has jurisdiction over this matter, and that venue is proper in this Court. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 4.

5. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 5 of the Complaint, and on that basis denies those allegations.

6. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 6 of the Complaint, and on that basis denies those allegations.

7. Answering the allegations of Paragraph 7 of the Complaint, Redbubble admits that OSU is listed in U.S. Patent and Trademark Office records as owner of the trademarks identified in Paragraph 7. Except as thus expressly admitted, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 7, and on that basis denies those allegations.

8. Answering the allegations of Paragraph 8 of the Complaint, Redbubble admits that copies of certificates of registration for the trademarks identified in Paragraph 7 of the Complaint appear to be attached to the Complaint as Exhibit A.

9. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 9 of the Complaint, and on that basis denies those allegations.

10. Answering the allegations of Paragraph 10 of the Complaint, Redbubble admits: (1) that federal certificates of trademark registration constitute prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership

of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration subject to any conditions or limitations stated therein, but do not preclude another person from proving any legal or equitable defense or defect which might have been asserted if such mark had not been registered; and (2) that registration of a trademark provides constructive notice of the registrant's claim thereof. Except as thus expressly admitted, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 10, and on that basis denies those allegations.

11.     Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 11 of the Complaint, and on that basis denies those allegations.

12.     Answering the allegations of the Complaint, Redbubble admits that Brutus Buckeye is OSU's athletics mascot. Except as thus expressly admitted, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 12, and on that basis denies those allegations.

13.     Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 13 of the Complaint, and on that basis denies those allegations.

14.     Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 14 of the Complaint, and on that basis denies those allegations.

15.     Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 15 of the Complaint, and on that basis denies those allegations.

16.     Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 16 of the Complaint, and on that basis denies those allegations.

17.     Answering the allegations of Paragraph 17 of the Complaint, Redbubble admits that Ohio State's athletic teams are and have for some period of time been known as the

Buckeyes. Except as thus expressly admitted, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 17, and on that basis denies those allegations.

18. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 18 of the Complaint, and on that basis denies those allegations.

19. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 19 of the Complaint, and on that basis denies those allegations.

20. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint, and on that basis denies those allegations.

21. Redbubble admits the allegations of Paragraph 21 of the Complaint.

22. Answering the allegations of Paragraph 22 of the Complaint, Redbubble admits that during the 2006-07 academic year, OSU teams appeared in both the NCAA football national championship game and in the NCAA Final Four and championship men's basketball games. Except as thus expressly admitted, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 22, and on that basis denies those allegations.

23. Redbubble admits the allegations of Paragraph 23 of the Complaint.

24. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 24 of the Complaint, and on that basis denies those allegations.

25. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 25 of the Complaint, and on that basis denies those allegations.

26. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 26 of the Complaint, and on that basis denies those allegations.

27. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 27 of the Complaint, and on that basis denies those allegations.

28. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 28 of the Complaint, and on that basis denies those allegations.

29. Answering the allegations of Paragraph 29 of the Complaint, Redbubble admits that since 2011, Urban Meyer has been OSU's head football coach, and that what appears to be a copy of an assignment of Meyer's rights of persona and trademark to OSU is attached to the Complaint as Exhibit B. Except as thus expressly admitted, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 29, and on that basis denies those allegations.

30. Redbubble admits the allegations of Paragraph 30 of the Complaint.

31. Answering the allegations of Paragraph 31 of the Complaint, Redbubble admits that it provides access to online tools that permit third party artists to create and upload designs and sell products incorporating those designs on Redbubble's marketplace. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 31.

32. Answering the allegations of Paragraph 32 of the Complaint, Redbubble admits that on or about April 12, 2017, OSU sent the correspondence attached as Exhibit C to the Complaint to Redbubble, the terms of which speak for itself, and that on or about April 25, 2017, OSU's outside counsel sent the correspondence attached as Exhibit D to the Complaint to Redbubble, the terms of which speak for itself. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 32.

33. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 33 of the Complaint, and on that basis denies those allegations.

34. Answering the allegations of Paragraph 34 of the Complaint, Redbubble denies those allegations as of the date of this Answer, and lacks knowledge or information sufficient to admit or deny whether those allegations were true as of the date the Complaint was filed, and on that basis also denies those allegations.

35. Redbubble denies the allegations of Paragraph 35 of the Complaint.

36. Answering the allegations of Paragraph 36 of the Complaint, Redbubble incorporates its responses to the allegations of Paragraph 1-35 of the Complaint as if fully set forth herein.

37. Redbubble denies the allegations of Paragraph 37 of the Complaint.

38. Redbubble denies the allegations of Paragraph 38 of the Complaint.

39. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 39 of the Complaint, and on that basis denies those allegations.

40. Redbubble denies the allegations of Paragraph 40 of the Complaint.

41. Redbubble denies the allegations of Paragraph 41 of the Complaint.

42. Redbubble denies the allegations of Paragraph 42 of the Complaint.

43. Redbubble denies the allegations of Paragraph 43 of the Complaint

44. Answering the allegations of Paragraph 44 of the Complaint, Redbubble incorporates its responses to the allegations of Paragraph 1-43 of the Complaint as if fully set forth herein.

45. Redbubble denies the allegations of Paragraph 45 of the Complaint.

46. Redbubble denies the allegations of Paragraph 46 of the Complaint.

47. Redbubble denies the allegations of Paragraph 47 of the Complaint.

48. Redbubble denies the allegations of Paragraph 48 of the Complaint.

49. Redbubble denies the allegations of paragraph 49 of the Complaint.

50. Answering the allegations of Paragraph 50 of the Complaint, Redbubble incorporates its responses to the allegations of Paragraph 1-49 of the Complaint as if fully set forth herein.

51. Redbubble denies the allegations of Paragraph 51 of the Complaint.

52. Redbubble denies the allegations of Paragraph 52 of the Complaint.

53. Redbubble denies the allegations of Paragraph 53 of the Complaint.

54. Redbubble denies the allegations of Paragraph 54 of the Complaint.

55. Redbubble denies the allegations of Paragraph 55 of the Complaint.

56. Redbubble denies the allegations of Paragraph 56 of the Complaint.

57. Redbubble denies the allegations of Paragraph 57 of the Complaint.

58. Answering the allegations of Paragraph 58 of the Complaint, Redbubble incorporates its responses to the allegations of Paragraph 1-57 of the Complaint as if fully set forth herein.

59. Answering the allegations of Paragraph 59 of the Complaint, Redbubble admits that Urban Meyer is a living individual. Except as thus expressly admitted, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of paragraph 59, and on that basis denies those allegations.

60. Redbubble denies the allegations of Paragraph 60 of the Complaint.

61. Redbubble denies the allegations of Paragraph 61 of the Complaint.

62. Redbubble denies the allegations of Paragraph 62 of the Complaint.

63. Redbubble denies all allegations contained in Plaintiff's Complaint not specifically and expressly admitted to be true herein.

64. Plaintiff's Prayer for Relief states conclusions of law to which no response is required or necessary. To the extent any response is necessary, Redbubble denies that Plaintiff is entitled to any of the relief demanded.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears any burden of proof as to any of them, Redbubble asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

65. The Complaint, and each cause of action therein, fails to state facts sufficient to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Provide Notice)

66. OSU's claims are barred, in whole or in part, because OSU failed to provide proper notice of the alleged infringement, which is OSU's burden to prove. *See Tiffany Inc. v. eBay Inc.*, 600 F.3d 93 (2nd Cir. 2010).

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Knowledge of Specific Infringement)

67. OSU's claims are barred, in whole or in part, because Redbubble lacked actual, specific and/or contemporary knowledge of the alleged infringement. *See Tiffany Inc. v. eBay Inc.*, 600 F.3d 93 (2nd Cir. 2010).

### FOURTH AFFIRMATIVE DEFENSE
### (Non-Trademark Use)

68. OSU's claims are barred, in whole or in part, because at least certain of the allegedly infringing uses of OSU's asserted trademarks were done other than as a trademark or service mark and thus do not create a likelihood of confusion.

### FIFTH AFFIRMATIVE DEFENSE
### (Ornamental Use)

69. OSU's claims are barred, in whole or in part, because at least certain of the allegedly infringing uses of OSU's asserted trademarks were ornamental in nature and thus do not create a likelihood of confusion.

### SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

70. OSU's claims are barred, in whole or in part, because at least certain of the allegedly infringing uses of OSU's asserted trademarks were fair uses of the mark(s) in question.

### SEVENTH AFFIRMATIVE DEFENSE
### (Protected Speech)

71. OSU's claims are barred, in whole or in part, because at least certain of the allegedly infringing uses of OSU's asserted trademarks were protected speech under the First Amendment of the United States Constitution and Article One of the Ohio Constitution.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unenforceable Marks)

72. OSU's claims are barred, in whole or in part, because certain of the asserted trademarks are unenforceable because OSU has failed to adequately police or enforce the marks, thereby effectively abandoning them and/or causing the marks to become generic.

### NINTH AFFIRMATIVE DEFENSE
### (Communications Decency Act)

73. OSU's state law claims, including its right of publicity claim, are barred, in whole or in part, because Redbubble is entitled to immunity under the Communications Decency Act, 47 U.S.C. § 230.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

74. OSU's claims are barred, in whole or in part, because OSU failed to mitigate its alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence and Estoppel)

75. OSU's claims are barred, in whole or in part, under the equitable doctrines of waiver, acquiescence and/or estoppel.

### TWELFTH AFFIRMATIVE DEFENSE
### (Conduct of Third Parties)

76. OSU's claims are barred, in whole or in part, because the actions complained of, to the extent they occurred, were the result of the conduct of third-parties.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Unilateral Proactive Conduct)

77. OSU's claims are barred, in whole or in part because Redbubble has implemented screening procedures to identify remove potentially infringing items as soon as reasonably practical, although Redbubble is under no legal obligation to do so and has received no cooperation from OSU with these efforts.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Reasonable Steps)

78. OSU's claims are barred, in whole or in part, because Defendant has taken all reasonable steps to remove all items from its website as soon as practical after being made aware of such alleged infringement and/or prohibited use by OSU.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Trademark Misuse)

79. OSU's claims are barred, in whole or in part, by trademark misuse, in that OSU has asserted its trademark rights beyond their lawful scope.

### **PRAYER FOR RELIEF**

WHEREFORE, Redbubble requests entry of judgment in its favor and against OSU on OSU's Complaint as follows:

  A.  Directing that OSU take nothing by way of its Complaint and dismissing OSU's Complaint with prejudice.

  B.  Declaring that OSU's asserted trademarks are unenforceable and/or not infringed by Redbubble.

  C.  Awarding Redbubble its costs of suit, including reasonable attorneys' fees.

  D.  Granting any and all other relief that the Court deems just and proper.

           Respectfully submitted,


           */s/ Gerhardt A. Gosnell II*
           James E. Arnold, *Trial Attorney* (0037712)
           Gerhardt A. Gosnell II    (0064919)
           JAMES E. ARNOLD & ASSOCIATES, LPA
           115 W. Main St., Fourth Floor
           Columbus, Ohio  43215
           Telephone:(614) 460-1600
           Facsimile: (614) 469-1093
           Email: jarnold@arnlaw.com
              ggosnell@arnlaw.com

           Kenneth B. Wilson (*pending admission pro hac vice*)
           COASTSIDE LEGAL
           455 1st Avenue
           Half Moon Bay, CA 94019
           Telephone: (650) 440-4211
           Email: ken@coastsidelegal.com

           *Counsel for Defendant Redbubble, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 13, 2018, a copy of the foregoing Defendant Redbubble, Inc.'s Answer to Complaint was filed with the Court using the Clerk of Court's electronic filing system, which will send notice of this filing to all parties that have entered an appearance in this matter.

*/s/ Gerhardt A. Gosnell II*
Gerhardt A. Gosnell II